UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID PAGE (#530791) | CIVIL ACTION |
| VERSUS | |
| TIM HOOPER, ET AL. | 25-266-SDD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 16, 2025.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID PAGE (#530791)** | **CIVIL ACTION** |
| **VERSUS** | |
| **TIM HOOPER, ET AL.** | **25-266-SDD-RLB** |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 asserting a claim for deliberate indifference to his serious medical needs. On May 1, 2025, the plaintiff was ordered to amend his Complaint[1]. On May 5, 2025, the plaintiff filed an Amended Complaint and named former warden Tim Hooper, Kenthen Bordelon, and Dr. Jacob C. Johnson as defendants. He seeks monetary and injunctive relief. *See* R. Doc. 7.

### 28 U.S.C. §§ 1915(e) and 1915A

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if

---

[1] The Order to Amend (R. Doc. 6) detailed the relevant law and ordered the plaintiff to amend his Complaint by: (1) Stating facts showing deliberate indifference to Plaintiff's serious medical needs; and (2) Stating how each named defendant was personally involved.

the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### Plaintiff's Allegations

In his Complaint, as amended, Plaintiff alleges the following: The plaintiff made several medical requests regarding head and body pain. The plaintiff had pain for months and an MRI was done. Defendant Bordelon failed to act in a timely manner by setting appointment dates for months after medical requests were made. This resulted in a delay in care and diagnosis during which time suffering occurred.

Defendants Hooper and Johnson were made aware of this medical condition through the filing of the plaintiff's grievances and medical requests. Defendant Hooper was the First Step grievance respondent. Defendant Dr. Johnson is the long-term care administrator and knew of all medical conditions.

**Official Capacity**

To the extent Plaintiff may be asserting his deliberate indifference claim against any defendant in their official capacity, section 1983 does not provide a federal forum for a litigant who seeks the recovery of monetary damages against state officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, Plaintiff's claim for monetary damages asserted against the defendants in their official capacities are subject to dismissal.

In contrast, Plaintiff's claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. Of course, Plaintiff must prove a deprivation of a constitutional right to obtain any relief.

**Individual Capacity**

**Deliberate Indifference**

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could

be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

### *Personal Involvement*

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional

violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Despite an opportunity to amend, Plaintiff does not allege that defendants Hooper and Johnson were personally involved in his medical care or implemented any policy that resulted in the alleged delay or denial of medical care. Rather he simply alleges that defendant Hooper was aware of his medical conditions as the First Step respondent to his grievances, and that defendant Dr. Johnson was aware without further elaboration. Plaintiff has not alleged any specific action or inaction on the part of any defendant that allegedly caused the delays or denial of care.

Further, supervisory officials such as wardens and medical administrators generally have no personal involvement in the day-to-day medical care of inmates. *See Hailey v. Savers*, 240 F. App'x. 670, 672 (5th Cir. 2007) (affirming dismissal of deliberate indifference claims against prison medical administrator because the plaintiff failed to allege specific facts to demonstrate that the administrator had personal involvement in placing the plaintiff in a job assignment that posed a substantial risk of harm or that the administrator implemented policies to physically harm the plaintiff). Defendant Hooper, as a warden, is even further removed from day-to-day medical decisions than a prison medical administrator like defendant Dr. Johnson. As such, the plaintiff has failed to state a claim against defendants Hooper and Johnson for deliberate indifference to his serious medical needs.

With regards to defendant Bordelon, plaintiff alleges only that there was a delay between the filing of medical requests and appointments being set. The plaintiff makes no factual allegations tending to show that any delay was due to deliberate indifference. The plaintiff also

makes an entirely conclusory allegation that suffering occurred during the delay without any factual allegations tending to show that the plaintiff suffered substantial harm during any of the alleged delays. Such conclusory allegations are insufficient to state a claim for deliberate indifference. *See Watson v. Basse*, 539 Fed. Appx. 432, 433 (5th Cir. 2013) (affirming dismissal as frivolous of conclusory claims regarding deliberate indifference to a serious medical need); *Young v. McCain*, 760 Fed. Appx. 251, 256-57 (5th Cir. 2019) (finding conclusory allegations insufficient to state a claim for deliberate indifference).

### Administrative Proceedings/Informal Complaints

To the extent the plaintiff complains of the responses to his grievances and informal complaints, the plaintiff also fails to state a claim in this regard. An inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings (including informal complaints) properly investigated, handled, or favorably resolved, *Mahogany v. Miller*, 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. Id. at 373-74.

### Duplicative Complaint

Additionally, a case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation. *Pittman v. Moore,* 980 F.2d 994, 994–95

(5th Cir.1993); *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir.1989); *Lewis v. Secretary of Public Safety and Corrections*, 508 F. App' x. 341, 343-44 (5th Cir. 2013). A case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988).

In *Page v. Louisiana Department of Public Safety and Corrections, et al.*, 24-cv-977, the plaintiff also complains of delayed treatment for head and body pain. Defendants Hooper and Johnson are also named as defendants therein. The relief requested ($20 million and to see a specialist) is the same. As such, the instant matter appears in part to be duplicative.

## RECOMMENDATION

It is recommended that Plaintiff's claims against all defendants, be dismissed, with prejudice, as malicious and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2] It is further recommended that the plaintiff's pending Motions (R. Docs. 3, 8, and 9) be denied as moot.

Signed in Baton Rouge, Louisiana, on June 16, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."